S. W. CARSON v. W. E. FLEMING AND WIFE.

(Filed 19 November, 1924.)

**Mortgages—Foreclosure—Sale—Posting of Notice—Presumption—Pur-
chaser—Deeds and Conveyances.**

Where the mortgagee or trustee in a deed of trust has posted notice of
foreclosure sale in conformity with the power contained in the instru-
ment, and according to law, and has sold the lands therein described at
the courthouse door of the county in conformity with the provisions
thereof, in the absence of notice or knowledge to the contrary, he has
a right to assume that the notices remained posted continuously during
the required period, and nothing else appearing, the sale and the deed
accordingly made will not be declared invalid against the rights of the
purchaser at the foreclosure sale.

APPEAL by defendant from *Daniels, J.,* at March Term, 1924, of PITT.
This is an action of ejectment. It is admitted that on 9 December,
1921, defendants executed their deed of trust to S. J. Everett, conveying
lands described therein to secure the payment of their note for $1,500

to plaintiff; and that said deed was duly probated and recorded. Default having been made in the payment of the note at maturity, Everett, trustee under the power of sale contained in the deed of trust, and after having advertised the same, conveyed the lands to the plaintiff, the last and highest bidder. Plaintiff demanded possession of the lands, and upon defendant's refusal to surrender possession, the plaintiff brought this action.

The only issue submitted to the jury, at the trial, was as follows:

"Was the land advertised in accordance with the deed of trust and the judgment?"

The jury having answered this issue "Yes," judgment was rendered in favor of plaintiff and against defendants. Defendants appealed.

*Julius Brown for plaintiff.*
*Louis W. Gaylord for defendants.*

CONNOR, J. Defendants complain that there was no evidence from which the jury could find that the sale of the land was advertised *continuously* for thirty days prior to the date of sale. The trustee is required before executing the power of sale "to advertise at the courthouse door and in three other or more public places in Pitt County for a period of not less than thirty days, and also by publication once a week for four consecutive weeks in some newspaper published in said county, the day and place of sale." There is evidence that the land was sold on Monday, 1 October, 1923, and that on 1 September, 1923, the trustee prepared and posted or caused to be posted notices complying with the requirements of the deed of trust at the courthouse door and at four public places, and also caused notice to be published in "The Reflector," a newspaper published in Pitt County, once a week for four successive weeks before 1 October, 1924.

There is also evidence that on 1 October, the day of the sale, defendants signed and delivered to the trustee, a paper reciting that the land conveyed in the deed of trust had been advertised for sale, at noon, that day, and requesting the trustee to offer the land, in subdivisions as well as a whole. Defendants expressly state in this paper, that this request is made not for the purpose of complicating the sale or causing any embarrassment to the trustee, or of interfering in any way with him or questioning his right as trustee to sell the land, but solely with the hope of procuring the best price for the land.

The court instructed the jury that if the trustee posted the notices as required in the deed of trust, it would not be necessary for him to show that the notices remained posted continuously for the required period of time; that the fact that he had so posted the notices was sufficient

in the absence of evidence that he knew that they had been destroyed and that proper notice had not been given of the sale.

Defendants' exception to this instruction cannot be sustained. Having posted or caused to be posted the notices required by the deed of trust, the trustee has a right to presume that they remained posted during the required period of time. There can be no presumption that the notices have been wantonly and maliciously torn down or destroyed, in violation of C. S., 4503 or 4504. There is no evidence in this case that the trustee knew that any of the notices had been destroyed or torn down, if such were the fact. He had fully discharged his duty in causing the advertisements to be made as required by the defendants, in their deed of trust to him, and had a right to presume, on the day of sale, that the notices had remained posted.

There is no error in the instruction of his Honor as to the effect of the paper which defendants admit they signed and delivered to trustee on day of sale. The law was stated correctly by him and as so stated was correctly applied to the facts as the jury might find them from the evidence.

Section 35 of Article I of the Constitution provides:

"All courts shall be open; and every person for *an injury* done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." This salutary principle does not justify the use of the courts, by the assertion of fanciful rights or by complaints based upon imaginary wrongs to hinder or delay others in the enjoyment of rights founded upon the law and in accord with justice and fair dealing among men.

No error.